

United States District Court
Southern District of Texas
FILED

FEB 2 6 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | |
| *versus* § | Civil Action B-00-195 |
| § | |
| Maria L. Miranda aka Lisa Bonacorsi Miranda § | |
| aka Lisa Bonacorsi, aka § | |
| Mariely Miranda Bonacorsi § | |

### ATTORNEY'S FEES AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS § | |
| § | |
| COUNTY OF DALLAS § | |

BEFORE ME, the undersigned authority, on this day personally appeared J. Michael Weston, who upon being duly sworn by me did state as follows:

1. My name is J. Michael Weston. I am over the age of twenty-one years of age and am competent to give this Affidavit. I have personal knowledge of the facts stated herein.

2. I was licensed as an attorney by the State of Texas in 1975. I have practiced law in the State of Texas since that time. I am familiar with the instant action and have been involved in many similar cases in the past. I am familiar with legal fees in the State of Texas for cases of this nature.

3. In the course of my legal representation of clients, I have handled numerous collections cases for clients, and many of the cases, as in this case, involved suit for payment of a promissory note. Additionally, I am familiar with the collection of student loans on behalf of the United States of America.

4. Utilizing the factors found at Rule 1.04, Texas Disciplinary Rules of Professional Conduct, I note the following:

a. This case is handled by our law firm on a contingency fee basis of 33.33% of all sums collected, principal and interest.

b. The nature of the case, collections, is not novel but our firm and the undersigned have the experience and skill to handle such cases on a large volume throughout the State of Texas, and that experience and skill is not customary in the legal profession. Additionally, our firm has developed an expertise for the handling of student loan collections, and this skill is not customary in the legal profession.

c. The contingency fee of 33.33% is standard for collection matters such as the type presented to the Court in this instance.

d. The fee actually paid to our firm is contingent upon the uncertainty of collection. In fact, many debtors against whom we file suit on behalf our clients never pay any moneys, and we collect no fees for such matters.

e. Based on the time expended on collection matters, the percentage of sums collected and the fees generated on a contingency fee basis, the fee sought in this as a contingency fee basis reflects the time and labor required in such a matter.

5. Based upon the above factors, I believe a customary, necessary and reasonable attorney's fee in this action is $1,000.00.

SWORN AND SUBSCRIBED to on February 20, 2001.

Diana S. Bradley
Notary Public in and for the
State of Texas

My Commission Expires:



DIANA S. BRADLEY
MY COMMISSION EXPIRES
February 3, 2005